# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

| | |
|---|---|
| **ARICA M. BOYLES** <br><br> Petitioner, <br><br> v. <br><br> **UNITED STATES OF AMERICA,** <br><br> Respondent. | **Civil No.: 2:16CV71** <br> **Criminal No.: 2:14CR6-02** <br> **(JUDGE BAILEY)** |

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On September 6, 2016, Petitioner, acting *pro se*, filed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. On September 6, 2016, the Clerk of Court sent Petitioner a Notice of Deficient Pleading which enclosed this Court's form § 2255 motion and advised her that she has twenty-one days to complete and return the form. Upon review of the original pleading filed by Petitioner, and in light of the discussion which follows, the undersigned has elected to issue this Report-Recommendation without waiting for Petitioner to comply with the Notice because no information which might be included in the form motion would alter the conclusion reached herein.

## FACTS

### A. Conviction and Sentence

Petitioner was indicted in a four count indictment on June 18, 2012 with one co-defendant. Petitioner was charged in Count 1 with conspiracy to possess with intent to

distribute and to distribute cocaine base; in Count 2 with aiding and abetting distribution of cocaine base; and in counts 3 & 4 with aiding and abetting the possession with intent to distribute cocaine base. On May 21, 2014, pursuant to a written plea agreement, Petitioner pleaded guilty to Count 2 of the indictment, aiding and abetting the distribution of cocaine base on March 2, 2013, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(c) and 18 U.S.C. § 2.

On June 1, 2015, the Court sentenced Petitioner to a term of seventy months' incarceration followed by three years of supervised release.

**B.    Appeal**

Petitioner did not pursue a direct appeal.

**C.    Recommendation**

Based upon a review of the record, the undersigned recommends that Petitioner's section 2255 motion be denied and dismissed as being incorrectly and untimely filed as a section 2255 motion.

## II.    ANALYSIS

In her section 2255 motion, Petitioner argues that she is entitled to a minor role reduction based on a recent amendment to the advisory federal sentencing guidelines manual. Mot., ECF No. 104 at 5. Petitioner's argument fails for two reasons.

First, amendment 794 amending § 3B1.2 (minor role reduction) of the United States Sentencing Guidelines ("USSG") took effect on November 1, 2015. Petitioner's conviction became final on June 15, 2015, when she failed to appeal the judgment, four months prior to this amendment. In general, the court is required to use the guidelines manual in effect on the date a defendant is sentenced. See <u>Dorsey v. United States</u>,

2

132 S.Ct. 2321, 2332 (2012); U.S.S.G. § 1B1.11(a). Petitioner is not arguing that her sentence was illegal when imposed, that it was imposed in violation of United States law, or that any other defects cognizable under section 2255(a) are present in her case. Instead, Petitioner is seeking to receive the retroactive benefit of an amendment that issued after she was sentenced. This type of claim must be brought as a motion under 18 U.S.C. § 3582. See United States v. Hunley, 2016WL4523417 (W.D. Virginia, Roanoke Division). Therefore, Petitioner's Motion under section 2255 fails.

Second, in 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, which was established a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255.[1]

The limitation period shall run from the last of:

1. The date on which the judgment of conviction becomes final;

2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[2] or

4. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

---

[1] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

[2] The one-year statute of limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive. Dodd v. United States, 545 U.S. 353, (2005).

In most cases, a judgment of conviction becomes final when the time for filing a direct appeal expires. Aikens v. United States, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000). There are two recognized exceptions to this general rule, which apply when a federal prisoner seeks direct appellate review of her conviction or sentence. First, if, following the disposition of her direct appeal, a federal prisoner files a petition for writ of certiorari with the U.S. Supreme Court, the conviction becomes final when the Supreme Court either denies certiorari or issues a decision on the merits. See Washington v. United States, 243 F.3d 1299, 1300 (11th Cir. 2001). Second, if the federal prisoner does not file a timely certiorari petition after disposition of her direct appeal, the conviction becomes final on the date on which the prisoner's time for filing such a petition expires, which is ninety days after entry of the judgment on direct appeal. See Clay v. United States, 537 U.S. 522, 532 (2003). In the present case, neither exception applies because Petitioner did not file a direct appeal of her conviction.

For federal prisoners, the time for filing a direct appeal expires fourteen days after the written judgment of conviction is entered on the criminal docket. See F.R.App.P. 4(b)(1)(A)(i). Therefore, Petitioner's conviction in this case became final on June15, 2015 (fourteen days after the final judgement order). Therefore, Petitioner had until June 15, 2016, to file her habeas corpus under AEDPA. Because Petitioner did not file her section 2255 motion until September 6, 2016, it is clearly time barred. Therefore, Petitioner's Motion under section 2255 fails.

## IV.     RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in

Federal Custody [Civil Action No. 2:16CV71, ECF No. 1; Criminal Action No. 2:14CR-6-02, ECF No. 104] be **DENIED** and **DISMISSED without prejudice** because it was incorrectly and untimely filed as a section 2255 Motion.

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable JOHN PRESTON BAILEY, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to her last known address as reflected on the docket sheet.

**DATED:** 9-14-16

*/s/ Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE